# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

In re:                                                    )
                                                          )
Loretta Hines Smith,                            )      Case No.: 05-02542-BGC-7
                                                          )
                    Debtor.                      )

## Memorandum Opinion

### I.  Background

The matters before the Court are:

1.    A <u>Motion to Reopen Case</u> filed on August 25, 2009 (Docket No. 104 in the main case);

2.    A <u>Motion to Avoid Lien</u> filed on August 25, 2009 (Docket No. 105 in the main case);

3.    A <u>Motion to Stay Foreclosure</u> filed on August 25, 2009 (Docket No. 106 in the main case); and

4.    A <u>Complaint</u> filed on August 27, 2009 (Docket No. 108 <u>in the main case</u>).

After notice to all parties, a hearing was held on August 28, 2009.  Appearing were: the debtor; her attorney Henry Penick; and Michael Harrison for Sloss Federal Credit Union.  The matter was submitted on the arguments of counsel, the testimony of the debtor, and the evidence offered.

### II.  Findings of Fact

A foreclosure in set today, August 28, 2009 on the debtor's mortgage with Sloss Federal Credit Union.  The creditor represented that the foreclosure related to the items represented by Creditor's Exhibits 1 and 2.  Those exhibits are a note and mortgage signed by the debtor on May 6, 1999, regarding her home.

The debtor testified that she did not have a mortgage with the creditor and did not owe the creditor a debt on her home.  She is challenging the note and mortgage represented by Exhibits 1 and 2.  She is attempting to do that through a motion to avoid a lien.

The debtor is seeking a temporary restraining order to stop the foreclosure.

The debtor did not present sufficient evidence to demonstrate that there is a substantial likelihood that she would prevail on the merits. The debtor contended principally that the mortgage asserted against her was fraudulent and was fraudulently recorded. The copy of the document entered into evidence bears a certification from the probate judge for Jefferson County, Alabama, that the mortgage was recorded on June 3, 1999.

Debtor's attorney argued that the debtor's burden of proof was difficult because she would be required to prove a "negative." Certainly that is sometimes the case. In this matter, the evidence is that the debtor entered into a mortgage with the creditor and that mortgage was properly recorded. Regardless of whatever else the debtor might be required to prove, she did not overcome this direct evidence and therefore did not demonstrate that there is a substantial likelihood that she would prevail on the merits.[1]

### III. Conclusions of Law

The matters of the temporary restraining order are governed by Rule 65 of the Federal Rules of Civil Procedure. That rule is applicable to this matter through Rule 7065 of the Federal Rules of Bankruptcy Procedure. Rule 7065 reads, "Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." Consequently, no security from the debtor is necessary.

Writing for the Court of Appeals for the Eleventh Circuit in Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue either a temporary restraining order or preliminary injunction. He writes:

> A district court may issue a preliminary injunction where the moving party demonstrates:
>
> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

---

[1] The debtor offered a copy of a credit report regarding her mortgage. Debtor's Exhibit 1. She testified that this document reflected a "zero" balance. The creditor objected on hearsay grounds. That objection is sustained. The Court did not consider Debtor's Exhibit 1.

Case 05-02542-BGC7   Doc 111   Filed 08/28/09   Entered 08/28/09 10:05:31   Desc Main
Document     Page 2 of 4

(4) if issued, the injunction would not be adverse to the
public interest.

Id. at 1210 (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir.2000); McDonald's
Corp., 147 F.3d at 1306; All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,
887 F.2d 1535, 1537 (11th Cir.1989)).[2]

For purposes of Rule 65 of the Federal Rules of Civil Procedure, notice and an
opportunity were afforded the defendant.

## A.  Temporary Restraining Order

The Court finds, based on the testimony of Ms. Smith, the exhibits admitted into
evidence and the Court's statements on the record, that the debtor failed to prove that
there is a substantial likelihood of the debtor's success on the merits.  As such, the
Court need not consider the other three requirements regarding the issuance of a
temporary restraining order.

## B.  Complaint

Typically, denial of a complaint for a temporary restraining order would not end
the contest raised by the complaint.  In this case, the only issue is whether the
foreclosure scheduled for today, August 28, 2009, should be stalled in order for the
debtor to attempt to avoid the creditor's mortgage.  Consequently, there are no issues
left for this Court to decide.

## C.  Motion to Reopen Case

As stated above, the debtor's purpose of reopening this case was to avoid the
lien of Sloss Federal Credit Union.  That lien is a consensual mortgage.[3]  There are no

---

[2]The same standard applies in considering whether to issue a temporary restraining
order.  Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35
(11th Cir. 2001).

[3] The debtor's Motion to Avoid Lien reads:

Comes now the Debtor in the above-styled matter, by and through his attorney of
record, and pursuant to 11 U.S.C. Section 522(f), hereby moves this Honorable Court to enter
an order avoiding the lien of Sloss Federal Credit Union to the extent that such lien impairs an
exemption to which the Debtor is entitled:

  X     a lien recorded in Book 9907 at Page 9300, in the Probate Court of Jefferson
        County, Alabama (Copy of recorded Certificate of Judgment attached.)

3

other reasons for reopening this case.  Consequently, the Court finds that the <u>Motion to Reopen Case</u> is due to be denied.[4]

## D.  Motion to Avoid Lien

For the reasons stated above, and on the record, it is not necessary now for the Court to resolve the <u>Motion to Avoid Lien</u>.  As the Court explained to the debtor, all of the issues she raises are state law issues that should be addressed by the state court.  As this Court explained in an order in an unrelated case, matters of this sort are better decided by the state court.[5]

An Order will be entered contemporaneously with this Memorandum Opinion.

Dated:  August 28, 2009

/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BC:pb

---

[4] The debtor filed a <u>Motion to Avoid Lien</u> of AmSouth Bank (now Regions Bank) on March 11, 2009, after this case was closed on April 24, 2007.  Docket No. 93. At the hearing today, counsel for the debtor asked the Court to reopen this case to determine the issues raised by this other motion to avoid lien.  For the reason stated on the record, the Court finds that that matter is not appropriately before the Court.

[5] See <u>In re Sharpe</u>, A.P. No. 04 00250, 2007 WL 1876368 (Bankr. N.D. Ala. Jun 27, 2007) and <u>In re Sharpe</u>, 391 B.R. 117 (Bankr. N.D. Ala. 2008) regarding state court consideration of whether a foreclosure was wrongful.

4